UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                                  Criminal Case No. 13-20755

D-1 Ronni Hermiz, D-2 Chris                Sean F. Cox
Daniel Korkis,                                            United States District Court Judge

    Defendant.
_____/

## OPINION & ORDER
## DENYING DEFENDANT HERMIZ'S MOTION FOR DISCOVERY

This matter is currently before the Court on Defendant Ronni Hermiz's Motion for Discovery. The parties have briefed the issues and the Court heard oral argument on July 11, 2014. For the reasons set forth below, the Court shall DENY the motion.

### BACKGROUND

This action was initiated by a criminal complaint filed on September 16, 2013, alleging that Defendant Ronni Hermiz ("Hermiz") made false statements in applying for citizenship or naturalization.

Hermiz was arrested on September 19, 2013. Hermiz was indicted on October 15, 2013, and charged with: "Unlawful Procurement of Citizenship," in violation of 18 U.S.C. §1425(a) (Count One); and "Materially False, Fictitious, or Fraudulent Statements," in violation of 18 U.S.C. § 1001(a)(2) (Count Two). Both charges stem from Hermiz's alleged failure to disclose that he was arrested on July 13, 2011, in connection with an alleged drug conspiracy.

Attorney Michael Kemnitz ("Kemnitz") filed an appearance as retained counsel for

Hermiz on October 15, 2013. During that same month, the Government filed a motion requesting that the Court conduct a hearing to determine if a conflict of interest prevents Kemnitz from representing Hermiz in this action. The Government asserted that because Kemnitz has previously represented Ahmad Abboud and Hassan Abboud in prior matters, that may pose a conflict with his representation of Hermiz in this action because Hermiz may wish to cooperate in this matter by providing information regarding the Abboud's alleged drug activities. (*See* Docket Entry No. 20). This Court ultimately denied that motion in a December 2, 2013 Opinion & Order and Kemnitz still represents Hermiz in this action.

The Government filed a First Superceding Indictment on February 2, 2014, adding Chris Daniel Korkis ("Korkis") as a Defendant. It contains the same two counts as to Hermiz, but labels them Counts Two and Three, and adds a new Count One against both Hermiz and Korkis – charging them with conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 846 and 841(a). The conspiracy alleged in Count One is alleged to have involved marijuana and occurred on or about July 13, 2011.

Both Defendants currently have Motions to Suppress pending before this Court. Those motions seek to suppress certain evidence that was obtained following the warrantless placing of a GPS tracker device on a car rented by Hermiz. This Court began the evidentiary hearing on those motions to suppress on June 11, 2014, and continued it on June 16, 2014. During the second hearing, Counsel for Hermiz asserted that he believes the Government has not turned over its entire file as to the surveillance. Counsel for Hermiz filed a Motion for Discovery, under seal, on June 19, 2014, so stating.

Counsel for the parties appeared before the Court on June 20, 2014. At that time,

Counsel for the Government, Robert Metzgar ("Metzgar"), told the Court that he would like some time to determine if the entire file had been turned over. He explained that he was not the first lawyer on the case and that he needed some time to be sure Defendants had the entire file. Metzgar also stated that he would like to be able to respond to Hermiz's Motion for Discovery. He did so on June 30, 2014.

In his response, Metzgar no longer takes the position that the Government has turned over its entire file to Defense Counsel. (*See* Govt.'s Br. at 6, stating "[t]he information the defendant seeks here – all surveillance of him after the GPS was installed – covers time periods far beyond those relevant to the government's case-in -chief. The government has already produced to the defendant all surveillance of him from the date GPS was installed to the date of his arrest for marijuana smuggling. Surveillance of the defendant after the date of his arrest for marijuana smuggling will not be introduced in the government's case-in-chief and therefore is not material under Rule 16.") Metzgar now asserts that Hermiz is not entitled to the information he seeks under Fed. R. Crim. P. 16(a)(1)(E) because that rule applies only to evidence used to rebut the government's proofs at trial, and not evidence used to advance a defendant's pretrial motion. He further asserts that even if the rule did apply, Hermiz has not shown that the evidence he seeks is, in fact, relevant to whether the GPS evidence should be suppressed.

## ANALYSIS

Hermiz brings his Motion for Discovery under Rule 16 of the Federal Rules for Criminal Procedure. Hermiz's motion asks the Court to Order the Government to "produce any and all documents of any kind related to the surveillance of Defendant after the installation of the GPS device on his vehicle." (Hermiz's motion at 1).

Again, the Government does not appear to dispute that it has surveillance evidence of Hermiz after the date of his arrest on July 13, 2011 (hereinafter "the Post-Arrest Surveillance Evidence."). (*See* Govt.'s Br. at 6). The Government contends Hermiz is not entitled to that evidence under Rule 16.

"'Rule 16 is intended to prescribe the minimum amount of discovery to which the parties are entitled, and leaves intact a court's discretion to grant or deny the broader discovery requests of a criminal defendant.'" *United States v. Semrau*, 693F.3d 510, 529 (6th Cir. 2012) (quoting *United States v. Richards*, 659 F.3d 527, 543 (6th Cir. 2011)). Rule 16 provides, in pertinent part:

> (E) Documents and Objects. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of these items, if the item is within the government's possession, custody, or control and:
> (i) the items is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E).

Here, the Government asserts that it does not intend to use the Post-Arrest Surveillance Evidence in its case-in-chief and that evidence does not consist of items obtained from or belonging to Hermiz. Thus, Hermiz is entitled to the evidence under Rule 16 only if the evidence is shown to be "material to preparing [Hermiz's] defense." Fed. R. Crim. P. 16(a)(1)(E); *United States v. Lykins*, 428 F. App'x. 621, 623-24 (6th Cir. 2011).

"It is a defendant's burden to make a *prima facie* showing of materiality in order to obtain disclosure of a document under Rule 16." *United States v. Dobbins*, 482 F. App'x. 35, 41

(6th Cir. 2012) (quoting *United States v. Phillip*, 948 F.2d 241, 250 (6th Cir. 1991)). In *Lykins*, the Sixth Circuit explained:

> Materiality under Rule 16 has not been authoritatively defined in this Circuit. However, the Supreme Court has determined that "defense" within the meaning of Rule 16 means the "defendant's response to the Government's case in chief." *United States v. Armstrong*, 517 U.S. 456, 462, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996). Therefore, the rule applies only to 'shield' claims that 'refute the Government's arguments that the defendant committed the crime charged.' . . . It follows that information which does not counter the government's case or bolster a defense is not material "merely because the government may be able to use it to rebut a defense position." *United States v. Stevens*, 985 F.2d 1175, 1180 (2d Cir. 1993). Rather, there must be an indication that pre-trial disclosure would have enabled the defendant to "alter the quantum of proof in his favor," not merely that a defendant would have been dissuaded from proffering easily impeachable evidence. *Id*. In assessing materiality, we consider the logical relationship between the information withheld and the issues in the case, as well as the importance of the information in light of the evidence as a whole. *See id.*

*Lykins*, 428 F. App'x. at 624.

The Government contends that Hermiz cannot establish that the Post-Arrest Surveillance Evidence is material to preparing Hermiz's defense:

> The defendant has not explained how surveillance of him after the date of his arrest for marijuana smuggling will exculpate him from those charges. Indeed, it is difficult to see how it could given that his crime was essentially completed by [Hermiz] at the time of his arrest. Rather than explaining how such evidence would show him to be innocent of the charges, the defendant instead focuses on how the evidence would assist him in a pre-trial hearing on a motion to suppress – precisely the type of litigation that is not a "response to the Government's case in chief," and therefore outside the purview of Rule 16. *Armstrong*, 517 at 462.

(Govt.'s Br. at 7).

The Court agrees with the Government that Hermiz has not shown how Post-Arrest Surveillance Evidence could be material to his defense.

Hermiz "seeks all documents related to the surveillance and investigation of him after the

5

installation of the GPS device on his car, including any such surveillance that includes any of the Abbouds, as well as the investigation and surveillance of any of the addresses disclosed during the GPS surveillance of Mr. Hermiz." (Def.'s Reply Br. at 2). Hermiz makes several arguments in support of his motion but the Court does not find them persuasive. Rather, given that Mr. Kemnitz has represented the Abbouds in the past, it appears that he may be seeking this evidence for their benefit, rather than Hermiz's defense in this case.

First, Hermiz cites a Ninth Circuit case for the proposition that documents are material for purposes of Rule 16 if they are needed to conduct effective cross-examination at a suppression hearing. (Def.'s Br. at 5). He does not cite any such authority from the Sixth Circuit.

Second, Hermiz argues that he needs the Post-Surveillance Evidence because he wants to establish that the type of monitoring that occurred here, "use of a GPS to determine the individuals with whom a person associates" is "precisely the kind of tactics that were rejected, at least without a warrant," in *Jones*. (Def.'s Reply B. at 3). But based on the testimony already given, Defendant has already established that the officers were using the GPS data for this purpose (i.e., to establish "a pattern of life"). Hermiz acknowledges this in his opening brief, where he notes that Agent Joyner expressly stated that he wanted the GPS device attached to Mr. Hermiz's vehicle because it would assist the agents in 'establishing a pattern of life.'" (Def.'s Br. at 8).

Moreover, as the Government persuasively argued during oral argument, the Motions to Suppress go to whether or not certain evidence the Government wishes to use at trial should be suppressed for failure to obtain a warrant – the motions do not go to Hermiz's guilt or innocence

of the charges against him. The Court concludes that Hermiz has not met his burden of making a *prima facie* showing of materiality in order to obtain disclosure of the evidence at issue under Rule 16. Accordingly, the Court shall deny the requested discovery Hermiz seeks under Fed. R. Crim. P. 16.

There is one last issue, raised in Hermiz's Reply Brief at page 4. In his opening brief, Hermiz stated that "[o]n June 16, 2014, pursuant to Federal Rule of Criminal Procedure 26.2(g), undersigned requested of Assistant United States Attorney Robert Metzgar any statement of Agent Joyner or agent Lendel that relates to the subject matter of either agents' testimony. Mr. Metzgar advised that he was not in possession of any such documents." (Def.'s Br. at 3). That led this Court to believe that issue was resolved. Hermiz requested statements of Agents Joyner and Lendel and the Government responded that no such statements exist. But in his Reply Brief, Hermiz asserts:

> It is also important to note that, in his initial brief, Mr. Hermiz argued that the requested materials, including any documents related to the surveillance of the addresses and individuals revealed during the monitoring of the GPS, must be produced pursuant to Fed. R. Crim. P. 26.2 and/or the *Jencks* Act, 18 U.S.C.A. §3500. In its response, the government did not challenge this argument.

(Def.'s Reply Br. at 4). At the July 11, 2014 hearing, Counsel for Hermiz asserted that any documents concerning surveillance of other individuals should be deemed "statements" for purposes of Fed. R. Crim. P. 26.2. This Court rejects that argument. Accordingly, the Court shall deny Defendant's request for surveillance records brought under Fed. R. Crim. P. 26.2.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant Hermiz's Motion for

Discovery is DENIED.

 IT IS SO ORDERED.

              S/Sean F. Cox
              Sean F. Cox
              United States District Judge

Dated:  July 15, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 15, 2014, by electronic and/or ordinary mail.

              S/Jennifer McCoy
              Case Manager