UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                                          Criminal Case No. 13-20755

D-1 Ronni Hermiz,                                              Sean F. Cox
                                                                              United States District Court Judge

    Defendant.
_____/

## OPINION & ORDER DENYING MOTION TO DISMISS

There are two Defendants charged in this action: 1) Defendant Ronni Hermiz ("Hermiz") and 2) Defendant Chris Daniel Korkis ("Korkis"). This matter is currently before the Court on a Motion to Dismiss Counts Two and Three Of the First Superceding Indictment (Docket Entry No. 41), filed by Defendant Hermiz. The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decisional process. The Court therefore orders that the motion will be decided upon the briefs. For the reasons set forth below, the Court shall DENY the motion.

### BACKGROUND

This action was initiated by a criminal complaint filed on September 16, 2013, alleging that Defendant Hermiz made false statements in applying for citizenship or naturalization.

Hermiz was indicted on October 15, 2013, charged with: "Unlawful Procurement of Citizenship," in violation of 18 U.S.C. §1425(a) (Count One); and "Materially False, Fictitious, or Fraudulent Statements," in violation of 18 U.S.C. § 1001(a)(2) (Count Two).

The Government filed a First Superceding Indictment on February 2, 2014, adding Korkis as a Defendant. It contains the same two counts as to Hermiz, but labels them Counts Two and Three, and adds a new Count One against both Hermiz and Korkis – charging them with conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 846 and 841(a). The conspiracy alleged in Count One is alleged to have involved marijuana and occurred on or about July 13, 2011.

## ANALYSIS

Defendant Hermiz's Motion to Dismiss asks this Court to dismiss Counts Two and Three of the First Superceding Indictment.

### A.   Hermiz Has Failed To Meet His Burden Of Establishing That The Statutes At Issue Are Unconstitutionally Vague As Applied To His Case.

In the first section of his brief, Hermiz challenges Count Three, and Count Two, to the extent it is based upon his arrest in July of 2011. Hermiz argues that 18 U.S.C. § 1425(a) and 18 U.S.C. § 1001(a) are unconstitutionally vague.

"A criminal offense statute is unconstitutionally vague 'if it defines an offense in such a way that ordinary people cannot understand what is prohibited or if it encourages arbitrary or discriminatory enforcement.'" *United States v. Hurley*, 529 F. App'x. 569, 572 (6th Cir. 2013) (quoting *United States v. Krumrei*, 258 F.3d 535, 537 (6th Cir. 2012)).

Here, Hermiz does not claim that either 18 U.S.C. § 1425(a) or 18 U.S.C. § 1001(a) are facially vague. Rather, Hermiz contends that those statutes are unconstitutionally vague as applied to him because Form N-445 would not put an ordinary person on notice of the type of encounters with the police that must be disclosed.

Again, Hermiz is charged with "Unlawful Procurement of Citizenship," in violation of 18

U.S.C. §1425(a) (Count One); and "Materially False, Fictitious, or Fraudulent Statements," in violation of 18 U.S.C. § 1001(a)(2) (Count Two).  Under 18 U.S.C. § 1425(a) it is a crime to knowingly procure or attempt to procure, "contrary to law, the naturalization of any person, or documentary or other evidence of citizenship."   Under 18 U.S.C. § 1001(a)(2) it is a crime to knowingly and willfully falsify or conceal a material fact or make any materially false statement or representation to the government in a proceeding covered by the statute.

"Whether a criminal statute is unconstitutionally vague is a legal question."  *United States v. Caseer*, 389 F.3d 828, 833 (6th Cir. 2005).  The "defendant bears the burden of establishing that the statute is vague as applied to his particular case, not merely that the statute could be construed as vague in some hypothetical situation." *Krumrei,* 258 F.3d at 537. Vagueness challenges which do not involve First Amendment freedoms must be examined in light of the facts of the case at hand.  *Id.* (citing *United States v. Powell*, 423 U.S. 87, 92 (1975)).

The following facts are relevant to this issue.  Hermiz, a citizen of Iraq and lawful permanent resident of the United States, began the process of applying for U.S. citizenship.  In connection with that legal process, he completed and signed a form N-400 Application for Naturalization on September 7, 2010.  (*See* Ex. 1 to Def.'s Br.).  On that form, Hermiz answered "yes" to the following question: "Have you ever been arrested, cited, or detained by any law enforcement officer (including USCIS or former INS and military officers) for any reason?" and then, in a section that asked for additional information, Hermiz disclosed only that he had been arrested for disorderly conduct in December of 2008 in Dearborn, Michigan.

On January 24, 2011, Hermiz appeared for a naturalization interview, which is a sworn, in-person interview with a USCIS Officer.  At that time, Hermiz affirmed the answers he had

previously provided on the form N-400 Application for Citizenship.

On July 13, 2011, Customs and Border Patrol agents stopped two cars: 1) a white Malibu rental car that had been rented by Hermiz, but was being driven by Korkis, that was found to contain 46.2 pounds of marijuana; and 2) a truck that had been driving very close behind the Malibu, that was driven by Hermiz.  It is undisputed that Hermiz was taken into custody by the agents, was booked, fingerprinted, and read his *Miranda* rights.  Charges against Hermiz were not filed on that date and he was ultimately released from custody after being detained for twelve hours.

In September of 2011, the USCIS mailed Hermiz a form N-445 Naturalization Oath Ceremony form, which notified him that he was scheduled to appear to take the oath of citizenship at a ceremony on October 3, 2011, in Detroit, Michigan.  On October 3, 2011, Hermiz signed that form and answered "no" in response to the question "**AFTER the date you were first interviewed on your Application for Naturalization**," "Have you been arrested, cited, charged, indicted, convicted, fined or imprisoned for breaking or violating any law or ordinance, including traffic violations?"  (Ex. 5 to Def.'s Br.) (Bolding in original).

This Court must therefore consider whether the statutes and forms at issue, in combination, would apprise an ordinary person that answering no, under oath in connection with a naturalization proceeding and in response to a question asking him if he had been "arrested" after January 24, 2011, for any reason, including a traffic violation, would be prohibited conduct when he had in fact been stopped by the police on July 13, 2011, and was then booked, fingerprinted, photographed, had his *Miranda* rights read to him, and detained for twelve hours.  *Hurley*, 529 F. App'x. at 572.

Form N-445 asks the applicant whether, after the date he was first interviewed, he has been arrested for any reason – even a *traffic violation*. An ordinary person would understand that question to require the applicant to disclose that he had been "arrested," where he had been stopped by the police, and was then booked, fingerprinted, photographed, had his *Miranda* rights read to him, and was detained for twelve hours.

Accordingly, the Court concludes that Hermiz has failed to meet his burden of establishing that the statutes at issue are unconstitutionally vague as applied to him.

### B.    Hermiz's Second Challenge To Count Two Fails Given The Above Ruling.

Hermiz's motion contains another challenge to Count Two, but it is based upon the assumption that Hermiz prevails on his first argument:

> Having established that Mr. Hermiz was not required to disclose the July 13, 2011 encounter with CBP as an "arrest" on Form N-455, the only remaining factual allegations supporting Count Two (Unlawful Procurement of Citizenship) are that Mr. Hermiz failed to disclose the fact that he was arrested for driving without a license on his person on July 8, 2000 and that he was rearrested on February 22, 2000 for failing to appear at court on that charge.

(Def.'s Br. at 17). Hermiz argues that his alleged failure to disclose the 15-year old arrest relating to the offense of driving without a license on his person fails to state the charged crime of unlawful procurement of citizenship or naturalization pursuant to 18 U.S.C. § 1425(a). (Def.'s Br. at 2). Hermiz argues that is so because "even if those arrests had been disclosed, no inference of statutory ineligibility for citizenship arises, and such an inference of ineligibility is an element of the charged offense. *See Kungys v. United States*, 485 U.S. 759 (1988). As such, the First Superceding Indictment fails to state the essential facts constituting the offense of unlawful procurement of citizenship or naturalization, as required by Fed. R. Crim. P. 7(c)(1)." (Def.'s Br. at 2).

That is, *if* the only factual allegations that supported Count Two were the allegations that Hermiz failed to disclose his prior arrests back in 2000 relating to driving without a license on his person, Hermiz claims that Count Two would have to be dismissed. But that is not the case. Given the Court's above ruling, that Hermiz has not met his burden of establishing that the statutes at issue are unconstitutionally vague as applied to his case, the First Superceding Indictment still alleges that Hermiz failed to disclose his July 13, 2011 arrest. And it is undisputed the failure to disclose that arrest is sufficient to state a violation of 18 U.S.C. § 1425(a). The Court therefore finds this challenge without merit.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant Hermiz's Motion to Dismiss Counts Two and Three Of the First Superceding Indictment (Docket Entry No. 41) is DENIED.

IT IS SO ORDERED.

                                        S/Sean F. Cox
                                        Sean F. Cox
                                        United States District Judge

Dated: September 3, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 3, 2014, by electronic and/or ordinary mail.

                                        S/Jennifer McCoy
                                        Case Manager